IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-32-KAC-DCP |
| ) | |
| JUSTIS ELLEN JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER REVOKING PRETRIAL RELEASE**

In accordance with the Federal Rules of Criminal Procedure and the applicable provisions of The Bail Reform Act, Title 18 U.S.C. § 3148, Defendant Justis Ellen Johnson ("Defendant") appeared before the undersigned by video on July 6, 2022, on the Amended Petition and Order for Action on Conditions of Pretrial Release ("Petition") [Doc. 26]. After being sworn in due form of law, Defendant was informed or reminded of her privilege against self-incrimination. It was determined Defendant had been given the opportunity of reviewing the Petition with her attorney, and Defendant represented that she understood the nature of the alleged violations contained in the Petition. The Government moved that Defendant's release be revoked [Doc. 27]. Defendant was advised of her right to a hearing, which was held before the undersigned on July 14, 2022. AUSA Frank M. Dale, Jr. represented the Government, and Attorney Luke A. Evans represented Defendant at both the July 6 and 14 hearings. Defendant was present in the courtroom at the July 14 revocation hearing.

The Petition alleges Defendant has violated at least two of her release conditions, including that she have no intentional or unsupervised contact with minors and that she not possess or access any device with internet access except as authorized by her supervision officer/office [*See* Doc.

26]. At the hearing, the Government presented the testimony of Investigator Tom Evans of the Knoxville Police Department Internet Crimes Against Children Task Force, who investigated the alleged violations. The Government also introduced multiple pole camera photographs [Government Collective Exhibit A] related to the investigation that appear to depict, among other things, Defendant being in possession of a laptop computer, an electronic tablet device, and a smart phone without authorization, and also Defendant directly rubbing sunscreen onto a minor child and being near another with no other adult within visible proximity.

Based on the sworn allegations of the Petition and the evidence and testimony presented at the revocation hearing, the undersigned finds by clear and convincing evidence that Defendant has violated conditions of her release as described in the Petition and that no condition or combination of conditions of release will reasonably assure the safety of any other person or the community or that will assure that Defendant will not continue to commit violations. *See* 18 U.S.C. § 3148(b)(1) & (2). The Court has to have some confidence in Defendant's ability to follow conditions of release, and her conduct has demonstrated a willingness to disregard the Court's simple instructions. Accordingly, Defendant's Order Setting Conditions of Release [**Doc. 19**] is hereby **REVOKED**.

Defendant is **ORDERED** remanded to the custody of the United States Marshal to await her trial, which is presently scheduled for **January 24, 2023**. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3