UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:22-CR-32-KAC-DCP |
| | ) | |
| JUSTIS ELLEN JOHNSON, and | ) | |
| BRANDON KAVANAGH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Kavanagh's Motion to Continue Plea Agreement Deadline and Trial [Doc. 75], filed on August 23, 2024.

Defendant requests the Court continue all deadlines and the trial date scheduled for September 24, 2024 [Doc. 75]. In support of the motion, Defendant states that the parties have been diligently pursuing additional discovery and attempting to resolve the case without a trial [*Id.* ¶ 1]. He avers that the trial landscape changed after Defendant Justis Ellis Johnson pleaded guilty [*Id.* ¶ 2]. He describes technical problems in accessing discovery materials that have not yet been resolved [*Id.* ¶ 3–4]. Defense counsel requires additional time to conduct legal research to determine if any pretrial motions are appropriate and to meet with Defendant regarding the results of that research [*Id.* ¶ 7]. To address the discovery problems, continue discussing a potential resolution of the matter, and allow him to consult with counsel, he suggests a four-week continuance of both deadlines [*Id.*]. Defense counsel confirmed with chambers via email that Defendant understands that the period of time between the filing of this motion for continuance

and a rescheduled trial date shall be fully excludable for speedy trial purposes. Finally, Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 10].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant, engage in plea negotiations, and otherwise prepare for trial if negotiations are not successful. The Court finds that all of this cannot occur before the September 24, 2024 trial date.

The Court therefore **GRANTS** Defendant Brandon Kavanagh's Motion to Continue Plea Agreement Deadline and Trial [**Doc. 75**]. The trial of this case is reset to **December 3, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on February 20, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Brandon Kavanagh's Motion to Continue Plea Agreement Deadline and Trial [**Doc. 75**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 3, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **August 23, 2024**, and the new trial date of **December 3, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 1, 2024**;

(5) the deadline for filing motions *in limine* is **November 18, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **November 19, 2024, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 22, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge