UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:22-CR-32-KAC-DCP |
|  | ) |  |
| JUSTIS JOHNSON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

This matter came before the Court on September 25, 2024, for a motion hearing for the Court to address the pending Motion to Withdraw [Doc. 79], filed by Attorneys Robert Kurtz and Luke Evans, on September 18, 2024. Assistant United States Attorney Keith Hollingshead-Cook appeared for the Government. Attorney Robert Kurtz appeared along with Defendant.[1] CJA Panel Attorney Mary Newton was also present at the Court's request.

In the motion [Doc. 79], Attorneys Kurtz and Evans request permission from the Court to withdraw from further representation of Defendant. They state Defendant has alleged "ineffective assistance of counsel in multiple areas," placing them in "an untenable ethical quandary" [*Id.* pp. 102]. At the September 25 hearing, Attorney Kurtz detailed that in addition to the letter Defendant

---

[1] The Court was advised prior to the hearing that Attorney Evans was engaged in trial and unable to the hearing.

sent to the Court [Doc. 77],[2] she had sent similar letters to both he and Mr. Evans, and in those letters, Defendant alleged ineffective assistance of counsel during pendency of this case. Mr. Kurtz stated that he had met with Defendant concerning the letters and attempted to work through the issues; however, it became apparent that Defendant believed counsel rendered ineffective assistance that caused her irreparable harm. Mr. Kurtz further stated that due to Defendant's lack of confidence in counsel, the the attorney-client relationship is irretrievably broken and they request new counsel be appointed to represent Defendant going forward. AUSA Cook stated that the Government had no position on the motion.

In advance of the hearing, Defendant completed a CJA-23 Financial Affidavit with the assistance of Attorney Kurtz and submitted it to the Court in support of her request to have counsel appointed [Doc. 82 SEALED]. After being sworn in due form of law, Defendant Johnson stated that the information provided in her Financial Affidavit was true and accurate. The Court then reviewed Defendant's financial affidavit and found that she qualifies for appointment of counsel. Accordingly, the Court finds good cause to permit Attorneys Kurtz and Evans to withdraw as counsel of record for Defendant Johnson. The Motion to Withdraw as Counsel [**Doc. 79**] is **GRANTED**, and Attorneys Kurtz and Evans are **RELIEVED** as counsel for Defendant Johnson. Attorney Newton was present at the hearing and agreed to represent Defendant Johnson in this case. Accordingly, the Court hereby **SUBSTITUTES** and **APPOINTS** Attorney Newton under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant.

---

[2] In her letter to the Court, Defendant states, "I want to give notice to the court that I have dismissed the legal representation I had due to ineffective assistance of counsel" and "I am also writing to ask the court[] to appoint me different legal counsel as I do not have the means to afford a paid attorney" [Doc. 77].

2

Case 3:22-cr-00032-KAC-DCP   Document 84   Filed 09/25/24   Page 2 of 3   PageID #: 282

Attorneys Kurtz and Evans are **DIRECTED** to turn over all discovery and Defendant's file to Attorney Newton.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw [**Doc. 79**] is **GRANTED;**

(2) Attorneys Robert Kurtz and Luke Evans are **RELIEVED** of further representation of Defendant, and they are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Mary Newton is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA.

**IT IS SO ORDERED.**

**ENTER:**

Debra C. Poplin
United States Magistrate Judge