IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:22-CR-32 |
| | ) | JUDGE CRYTZER |
| JUSTIS JOHNSON | ) | |
| | ) | |

**SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF JUSTIS JOHNSON**

Comes the defendant, Justis Johnson, through counsel, and respectfully submits the following Sentencing Memorandum and requests that the Court accept the plea agreement, pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure, agreed upon by the parties after lengthy and extensive negotiations. The negotiated resolution in this case allowed the Court and the government to reallocate significant resources to other matters and investigations. The agreement reached by the parties eliminated the need to litigate multiple pretrial motions that would have been filed had this case proceeded to trial. The negotiated resolution of this matter avoided the necessity of a lengthy jury trial. The stipulated sentence of 327 months negotiated by the parties is sufficient, but not greater than necessary, to achieve the ends of justice and all the goals of sentencing.

**I.    18 U.S.C. § 3553(a) Factors**

    **A.  Nature and Circumstances of the Offense**

On April 6, 2022, Justis Johnson was indicted in the Eastern District of Tennessee. On May 17, 2023, a four-count Superseding Indictment was filed against Ms. Johnson. Count one of the Indictment charged Ms. Johnson with Production of Child Pornography, 18 U.S.C. §§ 2251(a) and (e). Count two charged Ms. Johnson with Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2). Count three charged Ms. Johnson with Aiding and Abetting the Destruction or

Removal of Property to Prevent Search or Seizure, 18 U.S.C. §§ 2232(a) and (2). Count four charged Ms. Johnson with Witness Tampering, 18 U.S.C. § 1512(b)(1).

Ms. Johnson pleaded guilty to count one, Sexual Exploitation of a Child, on May 17, 2024.

This case was initiated pursuant to a Homeland Security Investigation prompted by posts made on PublicPedoPub, a dark web internet chatroom, over the course of several hours beginning the night of January 3, 2021. It was subsequently established that on December 30, 2020, Ms. Johnson used a cellphone to photograph her minor daughter in the shower. On January 3, 2021, the defendant posted a picture of her daughter on her knees in the shower to the chatroom. Later, another photograph was shared in the chatroom, and that photograph showed a closeup of a minor girl's vagina with a finger, consistent with Ms. Johnson's, inserted into the vagina while another hand, inconsistent with Ms. Johnson's, held a blue-green vibrator to the minor girl's vagina.

Agents executed a search warrant at Ms. Johnson's home on January 14, 2021, and they seized a number of devices. Agents later discovered that some of the devices had been reset, largely destroying their contents.

During the pendency of the case, it was discovered that Ms. Johnson had contact with her daughter, in which she attempted to influence what her daughter told authorities.

The factual basis incorporated in the plea agreement and recited in the PSR at ¶¶ 22-29 accurately reflect the nature and circumstances of the offense.

**B. History and Character of Justis Johnson**

Justis Johnson is a 38-year-old with no prior criminal history. She is facing a 327-month term of imprisonment and potentially lifetime supervision. Justis accepted responsibility for her conduct and pleaded guilty to count one before the Court. The resolution negotiated by the parties is an appropriate resolution in this case.

Justis's parents divorced when she was 12 years old. Her parents had substance abuse issues, and she lived with her mother after the divorce. Her mother was physically and emotionally abusive to her, having sex with men in front of Justis and requiring Justis to have sex with drug dealers so that she could get methamphetamine. Her mother would show Justis recordings of her having sex and also showed Justis a video of Justis's father having sex. At the age of 16, Justis moved out of her mother's home and lived with friends.

Justis went on to marry and divorce twice. She is currently unmarried, but was in a relationship with her co-defendant, Brandon Kavanaugh, until the commencement of this case. She has since entered into a relationship with a man named Ames Brown. She has three minor children, with whom she is now restrained from having contact.

Justis's mother introduced Justis to methamphetamine when she was 13 years old. She continued to use various drugs throughout her life and at times has been heavily dependent on alcohol. Leading up to her arrest, she was struggling with dependency on Xanax.

Despite the severe sentence Justis is facing, she is ready to lead a productive and sober life. Justis is committed to participating in the mental health and substance abuse treatment that is necessary to help her overcome her addiction issues and to achieve rehabilitation. Justis is motivated to rebuild her life and one day reestablish meaningful relationships.

II.   Sentencing Objectives

**A. The need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

The need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense will be achieved through the resolution negotiated by the parties. A sentence of 327 months is significant and represents a 147-month upward departure from the mandatory minimum sentence in this case.

3

**B. The need to afford adequate deterrence to criminal conduct.**

The negotiated resolution in this case will serve as a specific deterrent to Ms. Johnson and as a general deterrent to others who would contemplate similar criminal conduct. As it relates to Ms. Johnson, a sentence of 327 months is a very significant sentence for someone who has no prior exposure to the criminal legal system.

Deterrence in this case will best be achieved by appropriate mental health and substance abuse treatment for Ms. Johnson while she is in custody, followed by a term of supervised release. While on supervised release, Ms. Johnson will benefit from additional treatment as determined appropriate by the supervising officer at that time. The special conditions of release for sex offenders in U.S. District Court for the Eastern District of Tennessee Standing Order 15-06 are additional deterrence factors in this case.

**C. The need to protect the public from further crimes of the defendant**.

A 327-month sentence will protect the public while allowing Ms. Johnson to undergo appropriate mental health and substance abuse treatment. The special conditions of release for sex offenders are an added level of protection for the public once Ms. Johnson is released.

Ms. Johnson's background and history indicate that she does not pose a threat to the public and is not likely to re-offend. Ms. Johnson has no prior criminal history. A sentence of 327 months is significant in this case and will protect the public.

**D. The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner**.

While she is in custody, Ms. Johnson would benefit from mental health and substance abuse treatment. Ms. Johnson was going through a period of substance abuse during the commission of this offense. Ms. Johnson would benefit from additional counseling and treatment while under supervision after she is released.

While Ms. Johnson has taken several college courses, she has never earned a degree. Ms. Johnson could benefit from additional educational and vocational opportunities while she is in custody.

## III. Other Sentencing Considerations

### A. The kinds of sentences available and the range established by the Guidelines

The Presentence Investigation Report prepared by United States Probation asserts the guideline range in this case is "360 months to life, based on [a] total offense level of 42, [and a] Criminal History Category I." *Id.* at ¶ 91. This conclusion is based upon the Probation Officer's finding that Ms. Johnson is "a repeat and dangerous sex offender against minors" who "engaged in a pattern of activity involving prohibited sexual conduct" pursuant to U.S.S.G. §4B1.5(b)(1), which adds five levels. *Id.* at ¶ 52.

Undersigned counsel has separately filed an objection to the PSR on the basis on this finding.

Pursuant to the terms of the Plea Agreement, the parties agreed to recommend that the Court sentence the defendant without applying the §4B1.5(b)(1) enhancement. Had the guideline range been calculated without this enhancement, the offense level would have been 37, which would have resulted in a term of 210-262 months.

The negotiated resolution of 327 months is a very significant sentence, which will result in Ms. Johnson spending a substantial portion of her life in custody.

### B. Any pertinent policy statements issued by the Sentencing Commission

The United States Sentencing Commission issued policy statements as recently as 2021 as it pertains to production child pornography offenses. United States Sentencing Commission, Federal Sentencing of Child Pornography, (October 2021).[1] In the report, the USSC finds,

> Child pornography production offenders generally received lengthy sentences. In fiscal year 2019, production offenders received an average sentence of almost 23 years (275 months). . . Furthermore, over three-quarters (78.0%) were convicted under a statute carrying at least a 15-year mandatory minimum penalty. A majority of child pornography production offenders, however, received a variance below the applicable guideline range (57.2% of the 512 cases).

*Id.* at 3.

An additional finding notes that offenders who were parents of victims were sentenced to 340 months on average, which is a 13-month difference from the agreed upon sentence in this case. *Id*. at 7.

### C. The need to avoid disparities

As described above, the 327-month sentence recommended by the parties, after extensive negotiation, is not disparate compared to the national data regarding child pornography cases.

Further, as the PSR highlights at ¶ 113, the Judiciary Sentencing Information shows,

> [D]uring the last five fiscal years (FY2019-2023), there were 202 defendants whose primary guideline was USSG § 2G2.1, with a Final Offense Level of 42 and a Criminal History Category of I, after excluding defendants who received a USSG § 5K1.1 substantial assistance departure. For the 202 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 294 month(s) and the median length of imprisonment imposed was 300 month(s). For all 202 defendants in the cell, the average sentence imposed was 294 month(s) and the median sentence imposed was 300 month(s).

*Id*.

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20211013_Production-CP.pdf

A sentence of 327 months exceeds the average of 294 months illustrated by the JSIN data. However, the agreed upon sentence is not substantially disparate to the average and is sufficient as an agreed resolution in this case.

**D. Restitution to Victims**

The parties are working toward a resolution of the restitution issue prior to sentencing.

## IV. Conclusion

For the foregoing reasons, Justis Johnson respectfully requests that the Court accept the resolution negotiated by the parties and impose a sentence of 327 months.

Respectfully submitted on November 27, 2024,

/s/Mary J. Newton
Mary J. Newton (BPR #037605)
Attorney for Justis Johnson
625 Market Street, Suite 900
Knoxville, TN 37902
(865) 224-6591

7
Case 3:22-cr-00032-KAC-DCP    Document 95    Filed 11/27/24    Page 7 of 7    PageID #: 333